```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

MICHAEL MATTOX,                )
                               )
    Plaintiff,                 )
                               )
VS.                            )    No. 19-2014-MSN-dkv
                               )
Waffle House Inc.              )
                               )
                               )
    Defendant.                 )
_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On January 2, 2019, the plaintiff, Michael Mattox, filed a *pro se* complaint against Waffle House Inc. ("Waffle House") titled "Injunction Lawsuit." (Compl., ECF No. 1.) Additionally, Mattox filed a motion to proceed *in forma pauperis*, (ECF No. 2), which the court granted on January 10, 2019, (ECF No. 6). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order. 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that the complaint be dismissed *sua sponte.*

                    I.   PROPOSED FINDINGS OF FACT

Mattox's two-page, type-written, *pro se* complaint contains very little factual information.[1] Mattox asserts that he "worked at Waffle House as a prep person" for approximately one and a half months before he resigned. (Compl. ¶ 1, ECF No. 1.) Under a paragraph labeled "Waffle House – breach of verbal contract," Mattox alleges that his manager, Bobby Davis, "stated [that] after . . . Mattox's[] 2 week training ended . . . [his] pay would increase from minimum wage of $7.25 to $8.00." (*Id.* at ¶ 2.) Mattox claims that contrary to this verbal agreement, however, his wages were not "changed to $8.00 from $7.25." (*Id.*) Next, Mattox asserts that "there is a confusion" because "Mr. Davis did pay . . . Mattox $8.00 the very first week of employment then . . . turned [Mattox's] wages back to $7.25 the second pay period." (*Id.* at ¶ 3.) Finally, Mattox claims in conclusory fashion that Waffle House committed the following constitutional violations: "8th amendment cruel & unusual punishment" and "13th amendment slavery." (*Id.* at ¶ 4.)

Mattox seeks compensatory damages in the amount of two zillion dollars for mental anguish and emotional pain and suffering; punitive damages in the amount of one zillion dollars; and injunctive relief in the form of a court ordering Waffle House to "pay [Mattox] for those weeks [he] was not paid the

---

[1] Notably, Mattox does not specify any dates concerning the events alleged in the complaint.

2

increased wages before . . . [he] resigned" and instating Mattox as the "Chief Executive Officer & President of [the] Waffle House Franchise." (*Id.* at ¶ 4.)

II.  PROPOSED CONCLUSIONS OF LAW

A.  28 U.S.C. § 1915(e)(2)(B) Screening

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B).  The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.  This report and recommendation will constitute the court's screening of Mattox's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i)   is frivolous or malicious;

    (ii)  fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

B.  Standard of Review for Failure to State a Claim

In assessing whether Mattox's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of

the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive Rule 12(b)(6) following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.

4

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the courts are not required to act as counsel for a *pro se* litigant; nor are they required to sort through the pleadings to create a claim on behalf of the plaintiff. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted). Requiring the court "to ferret out the strongest cause of action on behalf of *pro se* litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Id.*

C.   Mattox's Constitutional Violation Claims

"[A] plaintiff generally cannot sue a private company or individual for violations of his constitutional rights." *Shannon v. URS Energy & Const., Inc.*, No. 3:14-CV-01292, 2015 WL 1640133, at *2 (M.D. Tenn. Apr. 9, 2015)(citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)). Under 42 U.S.C. § 1983, however, an individual may

5

"bring a federal lawsuit against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws." *Id.* For purposes of analysis, the court will treat Mattox's "Injunction Lawsuit" as a complaint against the Waffle House pursuant to 42 U.S.C. § 1983 for violations of the Eighth and Thirteenth Amendments.

Mattox's complaint fails to state a claim under 42 U.S.C. § 1983 against Waffle House for which relief can be granted. In the instant case, Mattox named Waffle House as the sole defendant in his "Injunction Lawsuit," (Compl., ECF No. 1), which the court has construed as a complaint pursuant to § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he or she suffered (1) a deprivation of rights secured by the Constitution or federal statutes that is (2) committed by a person acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Accordingly, a plaintiff may not sue a purely private party under § 1983. *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Mattox's complaint does not allege that Waffle House acted under color of state law. Because Waffle House is a private party, Mattox cannot bring a § 1983 claim against the defendant. Thus, it is recommended that the court dismiss Mattox's § 1983 claim.

6

D.   Mattox's Breach of Contract Claim

In his complaint, Mattox alleges that Waffle House breached a verbal contract between himself and his Waffle House manager. (Compl. ¶ 2, ECF No. 1.)  It is recommended that the court decline to exercise supplemental jurisdiction over Mattox's state-law claim for breach of contract.  Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction.  In the Sixth Circuit, the policy is that "'[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well.'"  *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009)(quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)).  Because Mattox cannot bring a § 1983 claim against Waffle House, a private party, Mattox's § 1983 claim does not provide this court with original jurisdiction.[2]   Accordingly, the court recommends that

---

[2] Further, the court does not have diversity jurisdiction. Diversity jurisdiction exists only where "all opposing parties are completely diverse and the amount in controversy exceeds $75,000.00."  *Casias v. Wal-Mart Stores, Inc.*, 764 F. Supp. 2d 914, 917 (6th Cir. 2011)(citing 28 U.S.C. § 1332(a)).  "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties."  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983).  Mattox's complaint does not indicate that he is seeking to invoke the court's diversity jurisdiction under 28 U.S.C. § 1932 and fails to allege his citizenship or the citizenship of Waffle House. While Mattox provides a mailing address for himself in Tennessee and a mailing address for Waffle House in Georgia, he does not

Mattox's state-law claim for breach of contract against Waffle House be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, the court recommends that Mattox's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Respectfully submitted this 8th day of March, 2019.

                                   _/s/ Diane K. Vescovo_____
                                   DIANE K. VESCOVO
                                   Chief United States Magistrate Judge

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

allege that these locations are his or Waffle House's places if citizenship.  "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated." 28 U.S.C. § 1332(c)(1).  Mattox's complaint fails allege Waffle House's principal place of business and thus fails to allege its citizenship.

8