# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

MICHAEL MATTOX,

    Plaintiff,

v.

                                                                                                                             Case No. 2:19-cv-2014-MSN-dkv

WAFFLE HOUSE INC.,

    Defendant.

___

## ORDER ADOPTING REPORT AND RECOMMENDATION FOR *SUE SPONTE* DISMISSAL
___

Before the Court is the Magistrate Judge's Report and Recommendation for *Sue Sponte* Dismissal, dated March 8, 2019 ("**Report**"). (ECF No. 7.) The Report recommends that Plaintiff Michael Mattox's *pro se* Complaint against Defendant Waffle House Inc. be dismissed *sue sponte*. (*Id.*) Plaintiff filed an objection March 25, 2019. (ECF No. 8.)

For the following reasons, Plaintiff's objection is **OVERRULED**. The Report is **ADOPTED**. Plaintiff's § 1983 claim is **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over Plaintiff's breach of contract claim and that claim is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

On January 2, 2019, Plaintiff, Michael Mattox, filed a *pro se* Complaint against Waffle House Inc. ("Waffle House") titled "Injunction Lawsuit." (ECF No. 1.) Plaintiff asserts that he "worked at Waffle House as a prep person" for approximately one and a half months before he resigned. (ECF No. 1 at PageID 1.) Under a paragraph labeled "Waffle House – breach of verbal

contract," Mattox alleges that his manager, Bobby Davis, "stated [that] after . . . Mattox's[] 2 week training ended . . . [his] pay would increase from minimum wage of $7.25 to $8.00." (*Id.*) Mattox claims that contrary to this verbal agreement, his wages were not "changed to $8.00 from $7.25." (*Id.*) Next, Mattox asserts that "there is a confusion" because "Mr. Davis did pay . . . Mattox $8.00 the very first week of employment then . . . turned [Mattox's] wages back to $7.25 the second pay period." (*Id.*) Finally, Mattox claims that Waffle House committed the following constitutional violations: "8th amendment cruel & unusual punishment" and "13th amendment slavery." (*Id.* at PageID 2.)

Mattox seeks compensatory damages in the amount of two zillion dollars for mental anguish and emotional pain and suffering; punitive damages in the amount of one zillion dollars; and injunctive relief in the form of a court ordering Waffle House to "pay [Mattox] for those weeks [he] was not paid the increased wages before . . . [he] resigned" and instating Mattox as the "Chief Executive Officer & President of [the] Waffle House Franchise." (*Id.*)

The Report construes Mattox's "Injunction Lawsuit" as a complaint against Waffle House pursuant to 42 U.S.C. § 1983 for violations of the Eighth and Thirteenth Amendments. (ECF No. 7 at PageID 23.) The Report recommends dismissal of Mattox's § 1983 claim because Mattox does not allege that Waffle House acted under color of state law, and because Waffle House is a private party, Mattox cannot bring a § 1983 claim against Waffle House. (*Id.*) The Report finds that dismissal of Mattox's § 1983 claim removes this Court's basis for original jurisdiction, and the Report therefore recommends that the Court decline to exercise supplemental jurisdiction over Mattox's state law breach of contract claim

2

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the Report and Recommendation. *Id.* When an objection reiterates the arguments presented to the Magistrate Judge, the Report and Recommendation should be reviewed for clear error. *Verdone v. Comm'r*

3

*of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *accord Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

Mattox presents three numbered paragraphs in his one-page submission titled "Objections, complaint name change and new injunction." (ECF No. 8.) In paragraph one, Mattox states his objection "will be the original complaint where [I] state the claims and all constitutional violations impose[d] on [I], the plaintiff, [M]ichael [M]attox." (*Id.*)

Mattox's objection does not explain how the Report's analysis is wrong, why it was wrong, or how *de novo* review would result in a different conclusion. Mattox merely incorporates by reference his claims previously presented and addressed by the Magistrate Judge. *See Howard*, 932 F.2d at 509. Because Mattox's objection reiterates the claims presented to the Magistrate Judge, the Court may review the Report for clear error. *See Verdone*, 2018 WL 1516918, at *2.

The Court has reviewed the Report for clear error and finds none. Accordingly, Mattox's objection is **OVERRULED**.

Mattox's second paragraph notes that the Report concludes he may not bring a § 1983 claim against Waffle House and asks to change the name of the pleading to name the "[U]nited [S]tates of [A]merica . . . via [R]iver [W]affles [I]nc" as Defendant in this matter. (ECF No. 8.) Mattox's final paragraph asks for a "[n]ew injunction to make . . . [M]attox . . . [P]resident of the [U]nited [S]tates of [A]merica . . . ." (*Id.*) The Court construes this as a request for leave to amend pursuant to Fed. R. Civ. P. 15(a).

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." The Supreme Court has held that leave to amend should normally be granted unless there is some

4

"apparent or declared reason" not to allow the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). One reason for not allowing an amendment is that the amendment would be futile. *Id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

The Court finds that Mattox's proposed amendment would be futile. Mattox seeks to amend his Complaint to name the United States as a defendant. (ECF No. 8.) Section 1983 claims are unavailable against federal defendants due to that section's state action requirement. 42 U.S.C. § 1983. A *Bivens* action, providing a cause of action against federal officers under the Constitution, is available against federal officials. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, *Bivens* actions are available only against individual federal officials, not against the United States. *Shaner v. U.S.*, 976 F.2d 990, 994 (6th Cir. 1992) (citing *Ashbrook v. Block*, 917 F.2d 918 924 (6th Cir. 1990)). Accordingly, Mattox's proposed amendment is futile because after amendment, the Complaint could not withstand a Rule 12(b)(6) motion to dismiss, and therefore, the request for leave to amend is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's objection is **OVERRULED**. The Report is **ADOPTED**. Plaintiff's § 1983 claim is **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over Plaintiff's breach of contract claim and that claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 28th day of March, 2019.

s/ Mark S. Norris  
MARK S. NORRIS  
UNITED STATES DISTRICT JUDGE